DAVID BAUMIER AND MARTIN NADEAU v. JOHN B.
ANTIAU.

[See 65 Mich. 31.]

*Landlord and tenant—Forcible ejection from leased premises—Evidence—Conduct of counsel.*

1. Where the evidence as to an alleged settlement is conflicting, the determination of the fact is for the jury.

2. In a suit for damages for the forcible ejection of the plaintiffs from premises leased from the defendant, and which he claimed the plaintiffs agreed to surrender, the plaintiffs may show that the defendant was a hard-tempered and dangerous man, for the purpose of showing the effect of his actions and threats upon their conduct in leaving the premises, and to rebut the statement of defendant's counsel, made in the presence of the jury during the opening of plaintiffs' case by their counsel, that defendant did chase the plaintiffs off, and did have a gun, and that it was done under the advice of counsel, and with no intention of hurting any one.

3. In an action by lessees for damages for a wrongful ouster from a leased farm, they may show the amount of stock they had upon the place,—it not appearing that the number of animals kept was more than was necessary to properly carry on the farm,—it being competent for the jury, in estimating their damages, to have before them the steps taken by the lessees to carry out their lease.

4. Upon the trial of a case, after its review in this Court, it is improper for counsel to assert a fact in his opening to the jury, evidence of which was held *inadmissible on such review.*[1]

5. This Court will only take from the jury the determination of questions of fact when there is *absolutely* no evidence to sustain their finding.

6. Where a defendant, in a suit for damages for his forcible ejection of the plaintiffs from certain leased premises, claimed a prior settlement, and agreement to surrender possession, the burden is upon him to show such settlement.

[1] See *Hughes v. Railway Company*, 78 Mich. 399, 405, 406.

7. In an action for damages by two lessees for their forcible dispossession by the lessor, it is no defense that they, or either of them, did obtain, or might have obtained, another lease.

8. The right of a plaintiff to present his proofs to the jury in his own way, subject to the rules of evidence, is a substantial and important one, of which he cannot be deprived by the proffered admission of the defendant.

Error to Monroe. (Kinne, J.) Argued January 29, 1890. Decided February 20, 1890.

Case. Defendant brings error. Affirmed. The facts are stated in the opinion of Mr. Justice MORSE, reported in 65 Mich. 31.

*C. A. Golden* and *H. A. Lockwood (F. A. Baker,* of counsel), for appellant.

*Ira R. Grosvenor,* for plaintiffs.

GRANT, J.    This case has been before this Court once before, and is reported in 65 Mich. 31.    The facts are there fully stated in the opinion of the Court, and it is unnecessary to restate them here, since they are substantially the same on this record as on the former.    We will therefore take up the assignments of error as presented in the briefs of appellants.

1. There was no error in refusing to charge the jury that the plaintiffs and defendant had settled the controversy between them, and that the plaintiffs could not recover.    The evidence of the settlement was not conclusive.    There was a conflict of evidence on this point, and the determination of the fact was for the jury, and not for the court.

2. The court permitted evidence on the part of the plaintiffs tending to show that the defendant was a hard-tempered and dangerous man, to the admission of which testimony the defendant objected and excepted.    Its

admissibility depends largely on the circumstances of the case. Defendant's counsel interrupted counsel for plaintiffs in his opening to the jury, and made this statement:

"We will admit that Antiau did chase the plaintiffs off, that he did have a gun there, and that it was done with the advice of counsel. But there was no intention of hurting anybody, and that the plaintiffs went there in March for the purpose of laying the foundation for this lawsuit."

The testimony was admissible, both for the purpose of showing the effect of defendant's actions and threats upon the conduct of the plaintiffs in leaving the premises, and to rebut the above statement made by defendant's counsel in the presence of the jury. I agree with the opinion of Justice MORSE upon this point. This does not conflict with the rule laid down in *Williams v. Edmunds*, 75 Mich. 92, where the defendant sought to rebut a specific act of intoxication by proof of his general character for sobriety; nor with the rule laid down in *Fahey v. Crotty*, 63 Mich. 383, where the defendant sought to defeat an action for damages for assault and battery by showing his reputation as a peaceable citizen.

3. The court did not err in admitting the records of other suits between these parties, involving the same subject-matter. We think they had some bearing upon the question of whether or not a settlement was made, and of the defendant's understanding thereon. But, in any event, it was a class of evidence which cannot be held to have prejudiced the defendant's case before the jury.

4. Plaintiffs were permitted to show, under objection, the amount of stock they had upon the place. It does not appear that the number of animals kept by plaintiffs was more than was requisite and necessary to properly carry on the farm. The action was for damages suffered

by plaintiffs through the wrongful ouster from the premises. In estimating these damages, it was competent for the jury to have before them the steps taken by plaintiffs to carry out their lease. The farm could not be carried on without teams, and it is customary for farmers to keep a certain amount of other stock. We think, therefore, that this was one of the circumstances competent to be placed before the jury for their consideration, although not specially alleged in the declaration.

5. It is contended that the court erred in assuming in his whole charge that the plaintiffs were dispossessed of all the premises described in the lease. No exception appears to have been taken to this upon the trial, nor was the attention of the court called to it. No assignment of error is based upon it. It will not, therefore, be considered by this Court.

6. Plaintiffs' counsel in his opening to the jury stated that the plaintiffs—

"Had bought expensive tools and farming implements expressly for the purpose of working and cultivating said premises, which implements and tools without said lease they would not have purchased."

This Court, upon the former hearing, held that evidence of this fact was inadmissible. It was not, therefore, proper for counsel to make the statement to the jury. But no evidence was offered to sustain the statement. No fault is found with the charge of the circuit judge on the measure of damages. It would be an insult to the intelligence of the jury to hold that they were influenced by it to the prejudice of the defendant. This was not, therefore, such an error as would warrant us in setting aside the verdict.

7. The circuit judge charged the jury as follows:

"If you find from the evidence that on the night of January 24, 1884, the parties to this suit met at the

house of the defendant; that the plaintiffs then and there agreed to surrender the lease at once, and deliver up possession of the premises to the defendant; that the defendant on the next morning actually took possession of said premises, with the knowledge and consent of the plaintiffs, and held possession of the premises without molestation from the plaintiffs, and with their knowledge and acquiescence, until the trouble in March, 1884,—then such surrender of the lease would be valid in law. And if you further find from the evidence that all matters of dispute and difference were on that night settled and adjusted between the parties; that defendant paid the costs of the suit in justice's court, and discontinued the same, as he agreed to; and that this alleged settlement and compromise was fairly made without fraud and deceit,—then such surrender, settlement, and compromise will constitute a valid defense to this action, and your verdict should be for the defendant."

The contention is that there was no evidence of any fraud or deceit practiced upon the plaintiffs in the alleged settlement. This Court will only take from the jury the determination of questions of fact when there is absolutely no evidence to sustain their finding. The jury had the witnesses before them. The conduct and manner of witnesses upon the stand often have a controlling influence in determining whether or not the jury will believe their testimony. The question of fraud is not always to be determined by what parties say. The surroundings, the circumstances, and the character of the witnesses, as they appear to the jury, may have a controlling influence with them in determining the question. The circuit judge has the same opportunity as the jury to observe the witnesses; and in many cases it is for him to determine whether or not the question should be left to the jury. Plaintiffs' counsel claimed during the trial that the alleged settlement was fraudulent. The circuit judge left it to the jury. Whatever our own views might be as to the correctness of the finding of the jury upon

79 MICH.—33.

this point, we cannot hold that there was no evidence to sustain it.

8. The circuit judge correctly charged the jury that the burden of proof of the settlement was upon the defendant, and that this defense must be supported by a preponderance of evidence.

9. On cross-examination of the plaintiff Nadeau, he testified that after he was ousted from defendant's farm he moved onto another, which he worked on shares. He was then asked on what terms, to which plaintiffs' counsel objected; and defendant's counsel stated that he proposed to show that Nadeau, after he was ousted, made another contract more advantageous to him than the one with defendant. The court ruled out the offer as incompetent and immaterial. Defendant contends that it was the duty of plaintiffs, after being ousted, to seek other farms and other employment. The relation of employer and employé did not exist between these parties. The relation was that of lessor and lessee. In such a case as this, it is no defense that the plaintiffs, or either of them, did obtain, or might have obtained, another lease.

*Dobbins v. Duquid*, 65 Ill. 464, relied upon by defendant's counsel to sustain their position, is not in point. The circumstances of that case were entirely different. The plaintiffs in that case were coal and wood dealers. They leased a building of the defendant to store their surplus wood. The building was consumed in the great fire of 1871. In ignorance of plaintiffs' rights, on account of the confusion resulting from the fire, the agents of Dobbins leased the ground to other parties. Upon learning the facts, defendant offered to erect another building for plaintiffs, and let them have the same, with more ground than before, and but a short distance from the original premises. The plaintiffs refused this, and brought

suit for damages, claiming the right to recover for loss of profits in their business. The court held that defendant was liable for any loss to plaintiffs' business which could not reasonably have been avoided; but that, under the circumstances, they were required to make ordinary and reasonable effort to prevent loss.

Another insurmountable objection to defendant's position is that the jury could not apportion the damages between the plaintiffs. Their verdict must be a gross sum, in favor of plaintiffs. If there were six joint lessees carrying on one business upon the leased premises, and the lessor had wrongfully ousted them and broken up their business, can he be permitted to show, in mitigation of damages, that each of the lessees has entered into other or similar employment as profitable to him individually as was the joint venture of all? The court instructed the jury that the measure of damages was the fair value of the lease to the plaintiffs at the time they were ousted. This instruction is conceded to be correct. Plaintiffs' rights cannot be affected, in this regard, by any employment or contract of one of them after the ouster.

10. Defendant's counsel claim that, by reason of their offer upon the trial to admit that plaintiffs were kept out of possession of the premises by defendant, it was error to permit them to give evidence of that fact, and the circumstances attending it. The right of the plaintiffs to present their proofs to the jury in their own way, subject to the rules of evidence, was a substantial and important one. Defendant, by his proffered admission, could not deprive them of it. The *res gestæ* of a transaction are usually significant, and tend to enlighten the jury upon the matters in issue.

11. Defendant's counsel are in error in their assumption that the circuit judge permitted the plaintiff Nadeau to testify to what took place between him and Mrs. Antiau

in the absence of her husband. The court expressly rejected all such evidence. Subsequently the question was asked the witness: "Why did you go away?" to which the witness replied: "Because she wanted to shoot Dave." The question was competent. If the answer was incompetent, counsel should have moved to strike it out, which they did not do. It is too late now to take advantage of it. The court carefully guarded the rights of both parties, both in the admission and rejection of evidence, and in his charge to the jury.

There is no prejudicial error upon the record, and the judgment below must be affirmed, with costs.

CHAMPLIN, C. J., MORSE and CAMPBELL, JJ., concurred. LONG, J., did not sit.