PEOPLE *v.* LYLE.

CRIMINAL LAW—EXAMINATION OF WITNESS—INCOMPETENT STATE-
MENTS—OBJECTIONS—APPEAL—REVIEW.

>   Where, in reply to a question as to whether witness had arrested
>   certain persons on a given description, he stated it was that
>   and the fact that they were with respondent, whom he knew
>   to be an ex-convict, and that men traveling with him would
>   not be right, such answer was not objectionable as not re-
>   sponsive, and, in the absence of a motion to strike out the
>   answer on the ground that it introduced incompetent matter,
>   an assignment that the court erred in allowing it to stand
>   cannot be reviewed.

Error to recorder's court of Detroit; Chapin, J.    Sub-
mitted May 1, 1900.    Decided May 15, 1900.

George Lyle was convicted of robbery, and sentenced
to imprisonment for 20 years in the State prison at Jack-
son.    Affirmed.

*A. B. Hall*, for appellant.

*Allan H. Frazer*, Prosecuting Attorney, and *Henry A.*
*Mandell*, Assistant Prosecuting Attorney, for the people.

MONTGOMERY, C. J.    The respondent was convicted of
the crime of robbery, being armed with a dangerous
weapon.    On the trial Detective Baker was sworn as a
witness for the people.    On cross-examination this witness
admitted that the only description he had of the three men
arrested was what he had from the conductor of the car
and what the officers said about the shoe prints they had
tracked.    Continuing, the witness said that the only par-
ticular description he had of the men was the shoes they
wore, but they were not noticed until they were on the
street, when he noticed their footprints in the snow.

"*Q.* You arrested them on the description you had?

"*A.* That and the fact that they were with Lyle, whom I knew to be an ex-convict, and I knew the men traveling with him would not be right.

"*Mr. Hall:* I object to that, as not being responsive, and I take exception to that remark of the witness."

The only assignment of error is that the court erred in allowing the answer above quoted to stand. There was no motion to strike out this answer. Such a motion was necessary to raise the question. *Baumier* v. *Antiau*, 79 Mich. 509 (44 N. W. 939). The fault in the answer given was not that it was not responsive, but that it introduced incompetent matter. Not only was there no motion to strike out for this reason, but the attention of the trial court was in no way challenged by such a claim. We do not feel warranted in setting aside the conviction on a point not made in the court below.

Conviction affirmed.

The other Justices concurred.