MILLER v. ZAHN.

WATERS AND WATERCOURSES—ARTIFICIAL DRAINS.
> Owner of dominant estate may not collect and concentrate sur-
> face waters and pour them through tile drains in unusual
> quantities upon servient estate so as to cause damage thereto.

Appeal from Washtenaw; Sample (George W.), J.
Submitted June 7, 1933. (Docket No. 26, Calendar
No. 37,208.) Decided August 29, 1933.

Bill by Harold Miller and another against Ernest
Zahn to enjoin construction and maintenance of cer-
tain drains. Decree for plaintiffs. Defendant ap-
peals. Affirmed.

*Carl H. Stuhrberg* (*Francis W. Schilling,* of coun-
sel), for plaintiffs.

*Stivers & Hooper,* for defendant.

BUTZEL, J. Harold Miller and wife, plaintiffs, are
the owners of 69 acres of land in Washtenaw county.
The northerly portion of their land adjoins on the
west a corn field located on the southerly part of a
50-acre farm owned by Ernest Zahn, defendant here-
in. There were some natural depressions in defend-
ant's land through which he claims surface water
was diverted to plaintiffs' land. Defendant was
anxious to drain the surface water more rapidly
from his corn field, and sought permission to build
a tile drain and join it to one on plaintiffs' property,
that was the upper drain of a long interconnecting
tile drain serving five farms. One of the owners of

the farms objected, on the ground that the interconnecting tile would not accommodate the increased volume of water. Defendant, however, proceeded to build two tile drains that emptied on plaintiffs' farm. They allege that it so increased the volume of water as to cause damage to their lands, and also overloaded the interconnecting tile drain. Defendant contends that the large amount of water on plaintiffs' lands is attributable to unusually heavy rains, and not to an increased volume of water from the drains. Plaintiffs further claim that the land defendant seeks to drain by means of tile consists of marshy soil which he has attempted to recondition for raising corn. A number of witnesses testified that the flow of water was increased by the tile drains on defendant's land and caused a large accumulation of water on plaintiffs' land.

It is unnecessary to cite authorities to show that when surface water, even if flowing in natural depressions over a farm, is collected in a tile instead of partly percolating the ground, the volume of water carried through the tile not only will be greatly increased, but the flowage will be greatly accelerated through the outlet of the drains, so as to damage the adjoining lands into which the drains empty. The testimony was somewhat conflicting. The judge not only heard the testimony, but, with the consent of the parties, visited the premises, and found that plaintiffs were entitled to the relief prayed for. The record sustains the judge's findings. The very effect of the tile drain was to cause the flow of more water with greater velocity than theretofore. A dominant tenant "cannot collect and concentrate such waters and pour them through an artificial ditch in unusual quantities upon his adjacent proprietor." *Gregory v. Bush,* 64 Mich. 37 (8 Am. St. Rep. 797).

See, also, *Yerex* v. *Eineder,* 86 Mich. 24 (24 Am. St. Rep. 113); *Osten* v. *Jerome,* 93 Mich. 196, 202; *Launstein* v. *Launstein,* 150 Mich. 524 (121 Am. St. Rep. 635).

Plaintiffs are entitled to the relief prayed for, and the decree of the lower court is affirmed, with costs to plaintiffs.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.