RUEHS v. SCHANTZ.
DODGE v. SAME.

1. EQUITY—PROTECTION OF PROPERTY—SUBSTANTIAL INJURY.
   Since every man has a right to the enjoyment of his property, equity will interfere to protect that right provided the injury to the owner's enjoyment be a substantial one.

2. INJUNCTION—TRESPASS—SUBSURFACE DRAINS.
   Where the installation of subsurface tile drains on defendants' lands casts upon plaintiffs' lands water in excess of the amount with which latter are burdened by nature and thereby confers a benefit upon defendants while imposing damage and trespass upon plaintiffs' lands, plaintiffs would be entitled to injunctive relief against such trespass.

3. DRAINS—ADJOINING LANDOWNERS—UNTILLABLE LAND.
   A landowner has no right, under any circumstances, to transfer his wet and untillable land to his neighbor by the installation of an artificial drainage system and carrying the water at once upon his neighbor's land so that it will not overflow and percolate his own soil, irrespective of whether or not it was good husbandry to do so.

Causing a thing to enter the land of another may constitute a trespass, see 1 Restatement, Torts, §§ 158, 159.

4. WATERS AND WATERCOURSES—ADJOINING LANDOWNERS—FLOODING
   LANDS.
   The right to drain or dispose of surface water on land cannot
   be exercised by concentrating and pouring it, by means of
   an artificial ditch or drain, in unusual quantities and velocity
   greater than would be natural, upon adjacent property.

Appeal from Kent; Verdier (Leonard D.), J.
Submitted June 8, 1944. (Docket Nos. 44, 45, Calen-
dar Nos. 42,768, 42,769.) Decided June 30, 1944.
Rehearing denied September 5, 1944.

Separate bills by Linda Ruehs and another and
William Dodge, by Clinton B. Dodge, his guardian,
against Theodore Schantz and another to restrain
the construction of a drain and interference with
natural drainage of water. Cases consolidated.
Bills dismissed. Plaintiffs appeal. Reversed and
decree entered enjoining defendants and remanding
for enforcement of decree.

*Fred P. Geib,* for plaintiffs.

*Linsey, Shivel, Phelps & Vander Wal,* for defend-
ants.

BOYLES, J. In these consolidated cases plaintiffs
are owners of certain servient farm lands in
Caledonia township, Kent county, which are bur-
dened with the natural flow of surface water from
the adjacent upper or dominant estates of the de-
fendants. Plaintiffs filed similar bills of complaint
in the chancery court to enjoin defendants from
draining additional water upon the lands of plain-
tiffs by means of subsurface tile drains. The cases
were consolidated for hearing, the circuit judge dis-
missed the suits, and plaintiffs appeal. The single
question for review is the same in both cases:

"May an upper farm proprietor proceed to tile drain his farms and cast 'ground water' or subsurface water through such tile drains to and upon the lower adjoining farms without prescriptive right and without the consent of their owners?"

Defendants restate the issue to be whether the defendants' proposed tile drainage would "unreasonably" increase the amount of water that will naturally flow onto plaintiffs' premises from defendants' lands. In one of the earliest reported decisions of the court of chancery of this State the chancellor said:

"It is contended that the injury is too inconsiderable in itself for the court to take cognizance of this case. * * * The question presented is, whether or no the defendant shall be allowed to erect a dam on his own land, to such a height as to flow the land of complainant, lying on the river a short distance above defendant's mill. It is not denied, but on the contrary is admitted, that the old dam, before it was carried away by the freshet, caused the water to overflow more or less of complainant's land. The defendant does not place his defense on this ground, but upon another and different ground, viz: that the land so overflowed, and which will be again, if he is allowed to erect a new dam of the same height with the old one, is of little or no value, and the flowing of it not productive of any serious injury. The evidence on this point is conflicting. Some of the witnesses think it would do little or no injury, while others estimate the damages at from $300 to $500. The extent of the injury, provided there be a substantial injury done, is of no very great importance. Every man has a right to the enjoyment of his property undisturbed by another, and to be protected in that enjoyment; and, what one may consider of little value, another may esteem very highly. The court will not, in cases of this

kind, be governed by dollars and cents alone, but will inquire whether the injury is of such a nature, that it can reasonably be supposed to lessen materially the enjoyment of property by its owner." *White* v. *Forbes,* Walker's Ch. (Mich.) 112.

The facts are not seriously in dispute. It is conceded that plaintiffs' lands are burdened with the natural flow of surface water from the lands of the defendants, and that defendants have no right acquired by prescription or consent.

In the spring of 1943 defendants started to construct a 4-inch tile drain on part of their lands, to drain a wet spot on their land which at times was so saturated with water as to be untillable. The trench for this tile was from 18 inches to 2 feet deep and the tile was to discharge directly into a so-called "stone pit" on plaintiffs' lands from which plaintiffs carry off the water by a tile drain. A few days later defendants started another 4-inch tile drain at a different place to discharge water into an open ditch on their farm and thence onto plaintiffs' lands. Temporary injunctions were issued halting these projects. In addition, defendants already had in operation an 8-inch tile drain discharging water from defendants' lands onto the lands of plaintiffs, without any prescriptive right or consent. This drain discharged water onto plaintiffs' lands to the extent that the water caused a wet place in one of plaintiffs' fields, as a result of which a tractor drawing a wheat harvester had to be pulled out with another tractor.

The record fully establishes that defendants are increasing and preparing to further increase the flow of water from their lands onto plaintiffs' lands beyond the natural flow of water with which plaintiffs' lands are burdened as a matter of law. As a result, plaintiffs must either take care of this ad-

ditional water through plaintiffs' own tile drains or permit it to percolate the soil in plaintiffs' fields. Defendants do not claim any prescriptive right or consent to do so but insist that the increase is not unreasonable in extent.

An expert witness produced by defendants at the hearing testified that the prime purpose in putting in a system of tile drainage, on a fairly level farm, is to lower the water table, to remove ground water more quickly; that

"the general purpose of the tiling system on the ordinary farm is to remove that ground water from the soil and cast it on down to lower levels. The effect of tiling, for that purpose, is to increase the run-off from that land by the amount that this subsurface drainage takes out of that ground water. It increases the water, that run-off, or all that is cast on the property below by that amount, over and above the surface water that runs off in the course of nature."

There is no question but that the tile drain already installed and the drainage system started by defendants casts and is intended to cast additional water upon plaintiffs' premises in excess of the amount with which plaintiffs' lands are burdened by nature. This is accomplished by tiling the subsurface whereby the percolating or subsurface water on defendants' lands is drained onto plaintiffs' lands. The result has been and would continue to be that defendants, by this system of subsurface drainage, would be able to utilize more land for tillage and in wet seasons work fields and plant crops much earlier than if the drains were not installed. While this would result in benefit to defendants, the record fairly establishes that at certain times it would prevent plaintiffs from an earlier use of their fields. The additional water

thus discharged onto plaintiffs' farms is a damage and a trespass. Plaintiffs' right to injunctive relief against the trespass is clear.

Where a similar situation arose in an early case, this court said:

"The defendant, as said in *Gregory* v. *Bush,* 64 Mich. 37, 42 (8 Am. St. Rep. 797), could not, 'by artificial drains or ditches, collect the water of stagnant pools, sagholes, basins, or ponds upon his premises, and cast them in a body upon the proprietor below him, to his injury.' And he could not reclaim his land by transferring the overflow from his land to that of plaintiff. 'He cannot collect and concentrate such waters, and pour them through an artificial ditch, in unusual quantities upon his adjacent proprietor.' *Gregory* v. *Bush,* 64 Mich. 37, 44. *What the defendant did, by his own showing, was to transfer his wet and untillable land to his neighbor by the digging of an artificial ditch, and carrying the water at once upon plaintiff's land, so that it would not overflow or percolate his own soil.* This he had no right to do under any circumstances, and whether or not it was good husbandry upon his part to do so was entirely immaterial." *Yerex* v. *Eineder,* 86 Mich. 24 (24 Am. St. Rep. 113).

"While one has a right to drain and dispose of the surface water upon his land, yet he cannot lawfully concentrate such water, and pour it through an artificial ditch or drain, in unusual quantities and greater velocity, upon an adjacent proprietor." *Peacock* v. *Stinchcomb,* 189 Mich. 301, 307.

In *Miller* v. *Zahn,* 264 Mich. 306, defendant built two tile drains that emptied onto plaintiffs' farm, which increased the volume of water. Defendant's land consisted of marshy soil which defendant sought to condition by drainage to make it tillable for crops. This court enjoined the maintenance of the tile drains.

A decree may be entered in this court permanently enjoining defendants from constructing or maintaining artificial drainage which may discharge water onto plaintiffs' lands in excess of the natural flow of surface water, and remanding for enforcement thereof. Plaintiffs may have costs of both courts.

NORTH, C. J., and STARR, WIEST, BUTZEL, BUSHNELL, SHARPE, and REID, JJ., concurred.