ALLEN v. MORRIS BUILDING COMPANY.

1. Waters and Water Courses—Diversion of Natural Flow—Damages.
   Action of defendants who wilfully graded lots on either side of plaintiffs' lot and built downspouts and cement gutters therefor in such a manner as to cause waters, in excess of natural flowage and which were formerly absorbed on their own premises, to be channeled and concentrated onto plaintiffs' property was sufficient to impose liability on defendants for damages without proof of negligence or violation of ordinance or other law on the part of defendants.

References for Points in Headnotes
[1] 56 Am Jur, Waters § 71.
[2] 15 Am Jur, Damages § 27.
    Duty to mitigate damages. 81 ALR 282.
[3] 13 Am Jur, Corporations § 1097.
[4] 3 Am Jur, Appeal and Error § 774.

2. DAMAGES—TORTS.

The rule requiring an injured party to mitigate his damages does not apply, where the invasion of his property rights is due to defendant's intentional or positive and continuous tort.

3. TORTS—STOCKHOLDER AND PRESIDENT OF CORPORATE TORT-FEASOR —PERSONAL LIABILITY.

Majority stockholder and president of defendant corporation who was in control of the corporation's activities and participated in the tort against plaintiff was liable personally therefor along with the corporate defendant.

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE—EXCESSIVENESS OF VERDICT—STATEMENT OF QUESTIONS INVOLVED—BRIEFS—APPENDIX.

Question as to excessiveness of verdict which is not raised in statement of questions involved, not argued in the brief, and not properly before Supreme Court is not determined, especially where proofs contained in either appendix to a brief do not appear to substantiate such claim.

Appeal from Wayne; Fitzgerald (Neal), J. Submitted January 12, 1960. (Docket No. 55, Calendar No. 47,692.) Decided June 7, 1960.

Case by Raymond F. Allen and Helen R. Allen against Morris Building Company, a Michigan corporation, and Morris Friedman for damages caused by alteration of ground level affecting drainage. Verdict and judgment for plaintiffs. Defendants appeal. Affirmed.

*Foster, Meadows & Ballard* (*Raymond A. Ballard* and *John L. Foster,* of counsel), for plaintiffs.

*Dworkin & Friedman* (*Max Chomsky,* of counsel), for defendants.

DETHMERS, C. J. In 1945 the plaintiffs purchased a home, built, in 1940, in a flat area. It had no neighboring houses. Its front yard sloped 7 inches from house to street. No difficulty with surface waters was experienced on the premises at that time.

In 1954 defendants started developing the area around it, grading lots extending for some distance on either side of plaintiffs' property. They caused the lots north of plaintiffs' to be graded with a downward slope south to plaintiffs' premises and those south of plaintiffs' with a downward slope north to plaintiffs' premises. Defendants built houses on many of the lots, including the lots on either side of plaintiffs. With respect to the latter 2 houses, defendants fitted them with eaves troughs, to which they connected downspouts, directed at the bottom end toward plaintiffs' property. On the ground under these, cement gutters were built leading toward plaintiffs' premises. The grade levels which defendants created around the latter 2 houses and their other houses to the north and south thereof were raised to a height considerably above that on plaintiffs' premises. There was no showing of natural flowage before that time from defendants' to plaintiffs' property.

As a result of these acts of defendants, waters thereafter flowed from defendants' properties onto that of plaintiffs in a manner and quantity not in accord with natural flowage or previous experience, injuring plaintiffs' house and property and causing them damage.

A jury, after hearing the proofs and viewing the premises, awarded plaintiffs a verdict of $2,750 as damages therefor. Defendants' motions for new trial and for judgment *non obstante veredicto* were denied. They appeal.

On appeal defendants urge that they properly and lawfully graded their premises, were guilty of no negligence in that connection, that plaintiffs' estate is subservient and required to take the waters from defendants' property even though increased by improvement of and building on the latter, and that

plaintiffs have done nothing by way of raising the grade on their own lot to mitigate damages.

Plaintiffs were not required to prove defendants were negligent or that their grading operations were in violation of city ordinance or other law. The fact that defendants wilfully graded and built downspouts in the mentioned fashion, causing waters, in excess of natural flowage and which formerly were absorbed on their own premises, to be channeled and concentrated onto plaintiffs' property to their damage, is enough to warrant recovery for plaintiff. *Turnbull* v. *Roseland Park Cemetery Association,* 341 Mich 677.

Cases cited by defendants, such as *Barry* v. *Peterson,* 48 Mich 263, in which this Court said that a defendant is not liable for damages resulting from rain dripping from his roof unless it arises from some fault of his or neglect of duty, citing in support thereof *Underwood* v. *Waldron,* 33 Mich 232, in which we held that a defendant, in this type of cases, must take affirmative action to prevent damage to his neighbor, these are no help to defendants here, inasmuch as these defendants, by affirmative action, caused the damage to plaintiffs. Nor is there the comfort for them which defendants profess to see in *Gregory* v. *Bush,* 64 Mich 37 (8 Am St Rep 797), under the facts of this case, in view of the later consideration of the problem in *Gregory* by this Court in *Ruehs* v. *Schantz,* 309 Mich 245.

As for defendants' contention that plaintiffs were obligated to act to mitigate their damages, applicable to the facts at bar, from syllabus in *McCullagh* v. *Goodyear Tire & Rubber Co.,* 342 Mich 244, is the following:

"The rule requiring an injured party to mitigate his damages does not apply, where the invasion of his property rights is due to defendant's intentional or positive and continuous tort."

Defendant Friedman also claims error in entry of personal judgment against him. The proofs show that he was the majority stockholder, president, and in control of defendant corporation's activities, and that he personally supervised the operations of which complaint is made herein. He participated in the tort and is liable with the corporate defendant. *Wines* v. *Crosby & Company*, 169 Mich 210 (39 LRA NS 901, Ann Cas 1913D, 1055).

Excessiveness of the verdict, suggested in the conclusion of defendants' brief, is not raised in their statement of questions involved, is not argued in the brief, is not properly before us, and, at all events, is not made to appear by anything in the proofs contained in either appendix.

Affirmed. Costs to plaintiffs.

Carr, Kelly, Smith, Black, Edwards, Kavanagh, and Souris, JJ., concurred.