EMERALD VALLEY LAND DEVELOPMENT
CO. *v.* DIEFENTHALER

1. WATERS AND WATERCOURSES—SURFACE WATER—NATURAL DRAINAGE.

A lower or servient estate owner must accept the surface water from an upper or dominant estate which naturally drains onto his land.

2. WATERS AND WATERCOURSES—SURFACE WATER—CONCENTRATION.

A dominant estate owner may not concentrate the flow of surface water nor cast additional waters upon a lower servient estate in such a way as to cause damage, but the dominant estate owner has a right to fill up sag-holes and to avoid the accumulation of surface water in the course of improving his land in good faith even if such water finds its way onto the land of a lower servient estate.

3. APPEAL AND ERROR—FINDINGS OF FACT—VIEW OF SCENE.

Findings of fact of the trial judge ordinarily will not be reversed on appeal unless they are clearly erroneous; where the trial judge has viewed the scene of property damage, his findings of fact will be given even more special weight (GCR 1963, 517.1).

Appeal from Livingston, Paul R. Mahinske, J. Submitted Division 2 June 10, 1971, at Lansing. (Docket No. 9621.) Decided July 28, 1971. Leave to appeal denied, 386 Mich 770.

Complaint by Emerald Valley Land Development Company, Emerald Valley Turf Nurseries, Inc., and Robert C. Damon, against Carlton and Kathryn Diefenthaler and Deep Valley Farms, Inc., for damages and injunctive relief for injury caused by de-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 56 Am Jur, Waters § 65 *et seq.*
[3] 5 Am Jur 2d, Appeal and Error § 839.

fendants' diversion of water onto plaintiffs' land. Complaint dismissed.  Plaintiffs appeal.  Affirmed.

*Kratchman & Kratchman,* for plaintiffs.

*Foster, Lindemer, Swift & Collins,* for defendants.

Before: BRONSON, P. J., and McGREGOR and O'HARA,* JJ.

PER CURIAM.  Plaintiffs sought injunctive relief and damages in the trial court.  They alleged that the defendants constructed a series of artificial drainage ditches which reversed the natural flow of water from the south and east to the north and west.  They contended defendants' action diverted large quantities of water to their land, causing flooding and depriving them of the use of the land.

The case was tried before the judge without a jury.  The trial judge found that the natural flow of water on the lands in question was to the north and west from defendants' land to plaintiffs' land and that the flooded condition of plaintiffs' land was not due to defendants' ditching.  He therefore dismissed plaintiffs' complaint.

The trial court correctly stated the law.  The owner of lowlands must accept surface water which naturally drains onto his land.  *Village of Sand Lake* v. *Allen* (1915), 185 Mich 1; *O'Connor* v. *Hogan* (1905), 140 Mich 613; and *Boyd* v. *Conklin* (1884), 54 Mich 583.  The owner of the dominant estate has a right to fill up sag-holes and avoid the accumulation of water in the course of improving his land in good faith even if such water finds its way onto the land of the servient estate; but the owner of the

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

dominant estate has no right to cast additional waters upon the servient estate in such a way as to cause damage. *Gregory* v. *Bush* (1887), 64 Mich 37, 42; *Village of Sand Lake* v. *Allen, supra; Bennett* v. *County of Eaton* (1954), 340 Mich 330; and *Allen* v. *Morris Building Company* (1960), 360 Mich 214.

On appeal plaintiffs contend that the trial court's finding that the defendants' ditching did not cause damage to the plaintiffs was erroneous. Findings of fact of a trial judge will not be reversed unless this Court finds that they are "clearly erroneous". GCR 1963, 517.1. The trial court in this case viewed the scene of the alleged damage to plaintiffs' property. In such circumstances his finding is entitled to special weight. *Alderton* v. *City of Saginaw* (1962), 367 Mich 28; and *Bennett* v. *County of Eaton* (1954), 340 Mich 330. A review of the record convinces us that there is ample evidence in support of the findings of the trial judge.

Affirmed. Costs to defendants.