LeVan *v*. HEDLUND PLUMBING & HEATING

1. WATERS AND WATER COURSES—SURFACE WATERS—NATURAL DRAIN-
   AGE—LOWLAND OWNER.
   The owner of lowland must accept surface waters which naturally
   drain onto his land.

2. WATERS AND WATER COURSES—SURFACE WATERS—NATURAL DRAIN-
   AGE—LOWLAND OWNER—NEGLIGENCE.
   Failure of the owner of lowland to provide for natural drainage
   when he fills his lands so that as a result a building basement
   on the adjoining land is damaged by accumulated waters
   constitutes negligence.

3. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTIONS OF FACT.
   Questions of negligence and contributory negligence are for the
   trier of fact to decide.

Appeal from Eaton, Richard Robinson, J. Submitted Division 3 November 10, 1971, at Lansing. (Docket No. 10762.) Decided November 29, 1971.

Complaint by Delorian William LeVan against Hedlund Plumbing & Heating, Einar A. Hedlund, Evah L. Hedlund, Howard S. Hedlund, Judith H. Hedlund, and David E. Hedlund, for damages caused by blocking the natural flow of surface waters. Defendants counterclaimed for damages caused by the encroachment of plaintiff's building. Judgment of no cause of action on defendants' counterclaim.

REFERENCES FOR POINTS IN HEADNOTES

[1] 56 Am Jur, Waters §§ 67–69.
[2] 56 Am Jur, Waters § 67 *et seq*.
[3] 57 Am Jur 2d, Negligence §§ 6–9.

Judgment for plaintiff. Defendants appeal. Affirmed.

*Newman & Mackay,* for plaintiff.

*Anderson, Carr & Street,* for defendants.

Before: McGREGOR, P. J., and FITZGERALD and QUINN, JJ.

PER CURIAM. Plaintiff sued for damages alleging that defendants, adjoining landowners, have by earth fill caused the level of their land to be raised to a point where it will no longer accept surface waters flowing in their natural course from plaintiff's land onto defendants' land, with the result that the waters have accumulated on plaintiff's land damaging the basement of plaintiff's building and the machinery therein. Plaintiff also claims he is entitled to $5,600 for loss of profits due to the necessity of cancelling jobs for which he had already had work orders.

Defendants admit filling their land, but deny any negligence or obligation to accept surface waters from plaintiff's land. They further contend that Hedlund Plumbing and Heating was improperly joined as a party defendant; that part of the water was from the nearby roadway and plaintiff's downspouts; that if defendants were negligent, plaintiff was contributorily negligent through poor building construction. The defendants also contend that damages were not proven and that defendant Hedlund Plumbing Company was a proper party to pursue a counterclaim against plaintiff as the result of an alleged encroachment of plaintiff's building onto defendants' land, which deprives defendants of its full use.

The trial court determined the following facts:

1) Plaintiff's land is the dominant land; defendants' land is the servient land; and prior to defendants' filling of their land, the natural course over which surface waters flowed was across plaintiff's land and onto defendants' land.

2) Defendants' filling of their land diverted surface waters from flowing in their natural course across plaintiff's land onto defendants' land and caused them to become impounded on plaintiff's land.

3) As a direct and proximate result of the impoundment of the surface waters upon plaintiff's land, he suffered damage.

4) Plaintiff's building does in fact encroach onto defendants' land by 0.1 of a foot on the northeast corner, which encroachment has been increased by several inches as the result of adding gutters and downspouts to the building.

The court also determined that defendants' counterclaim was not meritorious:

"Defendants claim damages as the result of their being prohibited by the township ordinance from building closer than ten feet from plaintiff's building. But a side yard as defined in the ordinance is that distance between the side lot line and the nearest line of the dwelling. Nothing here or elsewhere in the ordinance indicates that an owner's side lot may be reduced in width by an encroaching building. Beyond this, as stated in plaintiff's brief, the proper party to press this damage claim was not before the court."

A judgment of no cause for action was entered on defendants' counterclaim.

In granting judgment and awarding damages to the plaintiff, the court held that the average prudent

man possessing knowledge of the natural surface water flow should have known that the raising of defendants' land would cause water problems for plaintiff and failure to provide for this was negligence. The trial court correctly stated the law. The owner of lowlands must accept surface water which naturally drains onto his land. *Emerald Valley Development Company* v. *Diefenthaler* (1971), 35 Mich App 346. Defendants not only refused to accept this surface water by raising the surface of their land, but they also cast this water onto plaintiff's land, causing damage.

Questions of negligence and contributory negligence are for the trial judge to decide. *Thompson* v. *Essex Wire Company* (1970), 27 Mich App 516. Findings of fact and the decisions based thereon will not be reversed unless this Court finds that they are clearly erroneous. *Thompson* v. *Essex Wire Company, supra; Cooper* v. *Klopfenstein* (1971), 29 Mich App 569.

The record in the instant case supports the trial court's finding of fact. The judgment based upon defendants' negligence is proper and is sustained.

Through stipulation, both counsel agreed that Hedlund Plumbing Company, as lessee of defendants' premises, was a party defendant. Judgment against this defendant was not error. Furthermore, there was no objection to the joinder. This issue, appearing for the first time on appeal, was not properly saved for review. *Therrian* v. *General Laboratories* (1964), 372 Mich 487.

The record indicates that the court made a fair computation of damages, even to the extent of depreciating certain claimed items on a percentage basis. *Godwin* v. *Ace Iron & Metal Company* (1965), 376 Mich 360. We find no error.

Affirmed. Costs to appellee.