ROHE SCIENTIFIC CORPORATION v NATIONAL BANK OF
DETROIT (ON REHEARING)

Docket No. 68889. Submitted December 14, 1983, at Detroit.—Decided
April 2, 1984. Opinion on rehearing filed June 28, 1984. Leave
to appeal applied for.

This case was reported in 133 Mich App 462 (1984). Plaintiff filed
an application for rehearing, which was granted. On rehearing,
*held:*

Plaintiff was under no duty to mitigate its damages.

Remanded with instructions.

CONVERSION — DAMAGES — MITIGATION OF DAMAGES.

The rule requiring an injured party to mitigate damages does not
apply where the invasion of his property rights is due to the
defendant's intentional, positive or continuous tort.

*Cross, Wrock, Miller & Vieson* (by *Jonathon S. Taub),* for plaintiff.

*Martin McGaffey* and *John F. Fellrath, Jr.,* for defendant.

ON REHEARING

Before: DANHOF, C.J., and ALLEN and M. E. DODGE,* JJ.

PER CURIAM. Upon consideration of plaintiff's application for rehearing, we reverse our previous opinion to the extent that it ordered a remand to the trial court to determine whether plaintiff acted with reasonable speed to mitigate its damages. In

REFERENCES FOR POINTS IN HEADNOTE
18 Am Jur 2d, Conversion § 102.
22 Am Jur 2d, Damages §§ 200, 201.
* Circuit judge, sitting on the Court of Appeals by assignment.

light of *Willis v Ed Hudson Towing, Inc,* 109 Mich App 344; 311 NW2d 776 (1981), and *Allen v Morris Building Co,* 360 Mich 214; 103 NW2d 491 (1960), plaintiff was under no duty to mitigate its damages. This case is remanded to the trial court for entry of an order fixing plaintiff's damages at the market value of the equipment on the date of conversion minus the net proceeds realized by plaintiff in the post-conversion sale of the equipment, plus interest and any recoverable costs.